IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| TRAMAINE CHRISTOPHER, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | )   Case No. 4:15-cv-399 |
| | ) |
| JACK COOPER TRANSPORT COMPANY, INC., | ) |
| | ) |
|    And | ) |
| | ) |
| LUC STOWERS, | ) |
| | ) |
|    Defendants. | ) |

## VERIFIED COMPLAINT

Plaintiff, Tramaine Christopher, by and through her undersigned counsel, for her complaint against Defendants, Jack Cooper Transport Company, Inc., and Luc Stowers, states and alleges as follows:

## PARTIES

1. Ms. Christopher is an individual residing at 2031 Belleview Ave, Kansas City, Jackson County, Missouri, 64108.

2. Defendant Jack Cooper Transport Company, Inc., ("JCT") is a Delaware Corporation authorized to do business in the State of Missouri with its principal place of business located at 1100 Walnut St. Suite 2400, Kansas City, Jackson County, Missouri, 64106.

3. On information and belief, Luc Stowers is an individual residing at 7801 N. Stoddard Ave., Kansas City, Jackson County, Missouri, 64152.

## JURISDICTION AND VENUE

4. As this action is predicated in part on 42 U.S.C. § 2000e, *et seq.*, this Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331.

5. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391 as the defendants are located in this District and a substantial part of the events or omissions giving rise to this claim occurred within this District.

## GENERAL ALLEGATIONS

6. Ms. Christopher was employed as a full-time car hauler for JCT at Ford's Claycomo plant in January 2011 until her wrongful termination by JCT in August 2014.

7. Ms. Christopher was a dues-paying member of the Teamsters Local 41 during all times material to these matters.

8. Before her full-time employment, Ms. Christopher had been a casual employee of JCT engaged in the same type and kind of work.

9. In January 2014, Ms. Christopher was working for Luc Stowers, her direct supervisor.

10. During that time Mr. Stowers refused to distribute employees' checks on payday.

11. Mr. Stowers violated Article 85, § 2, of the Central and Southern Areas Supplemental Agreement, adopted by Local Union 41, that required JCT to issue checks on payday.

12. Ms. Christopher informed Local Union 41 about Mr. Stowers' conduct and Local Union 41 communicated with JCT to make Mr. Stowers issue paychecks on payday.

13. Mr. Stowers, as an agent, and/or employee, and/or representative of JCT, began to treat Ms. Christopher, as well as other African-American and female employees, badly in retribution for her act in the following ways:

   a. Forcing them to report to him over the radio (for all employees to hear) when they were going to use the restroom, and requiring his permission over the radio to use it,

   b. Timing them on their bathroom breaks, only providing a few minutes for a break,

   c. Installing closed-circuit cameras at the same time the restroom reporting took place, causing Ms. Christopher to use the restroom only in the dark out of fear she was being surveiled,

   d. More greatly scrutinizing their work and personal activities and having different standards for female and African-American employees in regards to both accidents and attendance from males and non African-American employees,

  e. Stating he "didn't like certain kinds of people" in reference to African American employees,

  f. And other vindictive, belittling, and oppressive behavior that will be uncovered over the course of discovery.

14. On or around June 29th, 2014, Ms. Christopher was involved in a minor accident while moving a vehicle at work, when a transport driver, who was not wearing his required safety equipment, darted unexpectedly in front of her vehicle (despite Ms. Christopher having repeatedly honking her horn to warn of her approach).

15. Following this accident, Mr. Stowers fired Ms. Christopher.

16. Defendants treated Ms. Christopher's accident in a different manner than it had handled male's and non-African-Americans' similar accidents.

17. The following day, Mr. Stowers hired a white male to replace her.

18. Ms. Christopher filed a complaint with the EEOC and received her right-to-sue letter on May 18, 2015.

19. This complaint was filed within 90 days of the issuance of the EEOC right-to-sue letter and within 300 days of actions giving rise to this complaint.

## COUNT I:

### Wrongful Discharge Against all Defendants

20. All other averments are incorporated by reference as though fully set forth herein.

21. Ms. Christopher is a member of a protected class, as established in 42 U.S.C. § 2000e, *et seq.*, as she is both African-American and female.

22. Mr. Stowers discharged Ms. Christopher based upon her gender and race, as follows:

   a. Mr. Stowers stated he "didn't like certain kinds of people working [there]" in reference to non-white, non-male employees, which included Ms. Christopher,

   b. Mr. Stowers treated non-white, non-male employees, differently from white male employees, including the manner in which he spoke to them and the type of work assignments he gave them,

   c. Defendants treated accidents, attendance, and conduct of non-white, non-male employees differently from how they treated the accidents, attendance, and conduct of white male employees,

   d. After Mr. Stowers terminated Ms. Christopher, Mr. Stowers hired his white male son for Ms. Christopher's position,

   e. JCT showed favoritism in the use of casual employees who were referred by white male employees over those casual workers referred by non-white non-male employees,

   f. Other such information as will be uncovered during the course of discovery.

23. Mr. Stowers also discharged Ms. Christopher in retribution for her reporting his violation of Local Union 41's paycheck policy.

24. Mr. Stowers' firing of Ms. Christopher was an unlawful act in violation of 42 U.S.C. §§ 2000e, *et seq*.

25. Ms. Christopher was damaged by the behavior and actions of the Defendants.

WHEREFORE, Ms. Christopher requests judgment be entered in her favor and that the Court award her an amount of damages that would make her whole and would compensate her for the losses proximately caused by Defendants, including lost benefits, lost future benefits, her costs and attorneys fees in bringing this action, and for any other such relief the Court deems just and proper.

## COUNT II:

### Racial Discrimination Against all Defendants

26. All other averments are incorporated by reference as though fully set forth herein.

27. Ms. Christopher is a member of a protected class, as identified in 42 U.S.C. § 2000e, *et seq.*, as determined by her race.

28. Ms. Christopher met all of the legitimate expectations of her employer, JCT, and fulfilled those duties for a number of years.

29. Ms. Christopher was fired based upon her race, and was adversely affected by being discharged from employment.

30. There existed circumstances which provide the inference of discrimination, as follows:

    a. Mr. Stowers stated he "didn't like certain kinds of people working [there]" in reference to non-white employees, including African-Americans,

    b. Mr. Stowers treated African-American employees differently from white employees, including the manner in which he spoke to them and the type of work assignments he gave them,

    c. JCT treated accidents, attendance, and conduct of African-American employees differently from how it treated the accidents, attendance, and conduct of white employees,

    d. After Mr. Stowers terminated Ms. Christopher, Mr. Stowers hired his white male son for Ms. Christopher's position,

    e. JCT showed favoritism in the use of casual employees who were referred by white employees over those casual workers referred by African-American employees,

    f. Other such information as will be uncovered during the course of discovery.

31. Ms. Christopher was damaged by the behavior and actions of the Defendants.

WHEREFORE, Ms. Christopher requests judgment be entered in her favor and that the Court award her an amount of damages that would make her whole and

would compensate her for the losses proximately caused by Defendants, including lost benefits, lost future benefits, her costs and attorneys fees in bringing this action, and for any other such relief the Court deems just and proper.

## COUNT III:

### Gender Discrimination Against all Defendants

32. All other averments are incorporated by reference as though fully set forth herein.

33. Ms. Christopher is a member of a protected class, as identified in 42 U.S.C. § 2000e, *et seq.*, as determined by her gender.

34. Ms. Christopher met all of the legitimate expectations of her employer, JCT, and fulfilled those duties for a number of years.

35. Ms. Christopher was fired based upon her gender, and was adversely affected by being discharged from employment.

36. There existed circumstances which provide the inference of discrimination, as follows:

   a. Mr. Stowers instituted a policy requiring employees to announce over the radio, for all employees to hear, when they would be using the restroom,

   b. That policy discriminated against women because female employees required more time in the restroom and more frequent visits to the restroom, to accommodate their menstrual cycles,

c. Ms. Christopher was disproportionately embarrassed and her hygiene needs and practices were unduly made public and violated her privacy,

d. Mr. Stowers limited all her restroom breaks to two minutes,

e. Ms. Christopher and other female employees would use the restroom with the lights off, in fear that she was being filmed by closed circuit cameras,

f. Mr. Stowers treated female employees differently than male employees in regards to verbal communication and work assignments,

g. JCT treated accidents, attendance, and conduct of female employees differently from how it treated the accidents, attendance, and conduct of male employees,

h. Following the termination of Ms. Christopher, Mr. Stowers hired his white male son to take her position,

i. JCT showed favoritism to the casual workers referred by male employees over those potential casual workers referred by female employees,

j. Other such information as will be uncovered during the course of discovery,

37. Ms. Christopher was damaged by the behavior and actions of the Defendants.

WHEREFORE, Ms. Christopher requests judgment be entered in her favor and that the Court award her an amount of damages that would make her whole

and would compensate her for the losses proximately caused by Defendants, including lost benefits, lost future benefits, her costs and attorneys fees in bringing this action, and for any other such relief the Court deems just and proper.

## COUNT IV:

## Invasion of Privacy – Public Disclosure of Private Facts

## Against all Defendants

38. All other averments are incorporated by reference as though fully set forth herein.

39. Mr. Stowers required all employees to announce over the radio when they were going to be using the restroom.

40. The radio was not on a closed channel and could be accessed by any member of the general public, and was actively monitored by other workers JCT employees as a condition of their employment.

41. Ms. Christopher did not waive her right to keep this information private, and in fact was regularly embarrassed by having to reveal this information to her supervisor and her co-workers.

42. Mr. Stowers would place a time limit upon the length of time in which the employees could use the restroom.

43. The restroom habits, and the time it takes to use the restroom, are private matters.

44. The public–including co-workers– has no legitimate concern in the habits and duration of Ms. Christopher's restroom habits.

45. This disclosure of private facts brought humiliation and shame to Ms. Christopher, and would cause humiliation and shame to any other reasonable person with ordinary sensibilities.

46. Ms. Christopher was damaged by the invasion of her privacy and by the public embarrassment she suffered at the hands of the Defendants.

WHEREFORE, Ms. Christopher requests judgment be entered in her favor and that the Court award her an amount of damages that would make her whole and would compensate her for the losses proximately caused by Defendants, including lost benefits, lost future benefits, her costs and attorneys fees in bringing this action, and for any other such relief the Court deems just and proper.

### Designation of Place of Trial

Ms. Christopher designates the Western Division as the place of trial.

### Jury Demand

Ms. Christopher requests trial by jury of all issues.

Respectfully submitted,

THE FLYNN LAW FIRM, P.C.

By: /s/ Robert F. Flynn
Robert F. Flynn, #60453
1150 Grand Blvd., Ste. 300
Kansas City, MO 64106-2302
(816) 283-3400 / (816) 283-3405 Fax
Robert@TheFlynnLawFirm.com
*Attorneys for Plaintiff*

## Verification

STATE OF __Missouri__ )
                              ) ss.
COUNTY OF __Jackson__ )

      Tramaine Christopher, of lawful age, being duly sworn on her oath, states that she is the Plaintiff named above, and that the facts stated in her Verified Complaint are true and correct to the best of her knowledge and belief.

By: _/s/ Tramaine Christopher_
Tramaine Christopher

      Subscribed and sworn to before me this __27th__ day of __May__, 2015.

By: _/s/ Chris Nelson_
NOTARY PUBLIC

My commission expires:

_____

CHRISTOPHER B. NELSON
Notary Public - Notary Seal
STATE OF MISSOURI - JACKSON COUNTY
Commission Expires: September 16, 2016
Commission # 12394798