# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| TRAMAINE CHRISTOPHER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 4:15-cv-00399-GAF ) |
| JACK COOPER TRANSPORT COMPANY, INC. AND LUC STOWERS, | ) ) ) |
| Defendants. | ) ) |

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO VERIFIED COMPLAINT

Defendants Jack Cooper Transport Company, Inc. ("Defendant JCT") and Luc Stowers (collectively, "Defendants") for their answer and defenses to Plaintiff's Verified Complaint states as follows:

## PARTIES

1. Ms. Christopher is an individual residing at 2031 Belleview Ave, Kansas City, Jackson County, Missouri, 64108.

**ANSWER: Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 and, therefore, deny the same.**

2. Defendant Jack Cooper Transport Company, Inc., ("JCT") is a Delaware Corporation authorized to do business in the State of Missouri with its principal place of business located at 1100 Walnut St. Suite 2400, Kansas City, Jackson County, Missouri, 64106.

**ANSWER: Defendant JCT admits that it is a Delaware corporation authorized to do business in the State of Missouri. Defendant JCT denies that its principal place of business is located at 1100 Walnut St., Suite 2400, Kansas City, Jackson County, Missouri.**

**Defendant Stowers is without sufficient information or knowledge to admit or deny the allegations in this Paragraph 2 and therefore denies the same.**

3. On information and belief, Luc Stowers is an individual residing at 7801 N. Stoddard Ave., Kansas City, Jackson County, Missouri, 64152.

**ANSWER: Defendants admit the allegations in Paragraph 3 of Plaintiff's Complaint.**

## JURISDICTION AND VENUE

4. As this action is predicated in part on 42 U.S.C. § 2000e, *et seq.*, this Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331.

**ANSWER: Defendants state that Paragraph 4 of Plaintiff's Complaint states a legal conclusion or otherwise contains no facts or allegations to which a response is required. To the extent a response is required, Defendants admit that Plaintiff attempts, at least in part, to bring claims pursuant to 42 USC § 2000e, *et seq.*, but deny the remaining allegations of Paragraph 4 of Plaintiff's Complaint.**

5. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391 as the defendants are located in this District and a substantial part of the events or omissions giving rise to this claim occurred within this District.

**ANSWER: Defendants state that Paragraph 5 of Plaintiff's Complaint states a legal conclusion or otherwise contains no facts or allegations to which a response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 5 of Plaintiff's Complaint.**

## GENERAL ALLEGATIONS

6. Ms. Christopher was employed as a full-time car hauler for JCT at Ford's Claycomo plant in January 2011 until her wrongful termination by JCT in August 2014.

**ANSWER: Defendants admit that Plaintiff was employed by Defendant JCT during the time period alleged as a yard employee. Defendants deny that Plaintiff's termination was wrongful and deny all remaining allegations in Paragraph 6 of Plaintiff's Complaint.**

7. Ms. Christopher was a dues-paying member of the Teamsters Local 41 during all times material to these matters.

**ANSWER: Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 and, therefore, deny the same.**

8. Before her full-time employment, Ms. Christopher had been a casual employee of JCT engaged in the same type and kind of work.

**ANSWER: Defendants admit the allegations in Paragraph 8 of Plaintiff's Complaint.**

9. In January 2014, Ms. Christopher was working for Luc Stowers, her direct supervisor.

**ANSWER: Defendants deny that Luc Stowers was Plaintiff's supervisor in January 2014. Defendants deny that Plaintiff was "working for" Defendant Stowers and deny all remaining allegations in Paragraph 9 of Plaintiff's Complaint.**

10. During that time Mr. Stowers refused to distribute employees' checks on payday.

**ANSWER: Defendants deny the allegations in Paragraph 10 of Plaintiff's Complaint.**

11. Mr. Stowers violated Article 85, § 2, of the Central and Southern Areas Supplemental Agreement, adopted by Local Union 41, that required JCT to issue checks on payday.

**ANSWER: Defendants deny the allegations in Paragraph 10 of Plaintiff's Complaint.**

12. Ms. Christopher informed Local Union 41 about Mr. Stowers' conduct and Local Union 41 communicated with JCT to make Mr. Stowers issue paychecks on payday.

**ANSWER: Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 and, therefore, deny the same.**

13. Mr. Stowers, as an agent, and/or employee, and/or representative of JCT, began to treat Ms. Christopher, as well as other African-American and female employees, badly in retribution for her act in the following ways:

   a. Forcing them to report to him over the radio (for all employees to hear) when they were going to use the restroom, and requiring his permission over the radio to use it,

   b. Timing them on their bathroom breaks, only providing a few minutes for a break,

   c. Installing closed-circuit cameras at the same time the restroom reporting took place, causing Ms. Christopher to use the restroom only in the dark out of fear she was being surveilled [*sic*],

d. More greatly scrutinizing their work and personal activities and having different standards for female and African-American employees in regards to both accidents and attendance from males and non African-American employees,

e. Stating he "didn't like certain kinds of people" in reference to African American employees,

f. And other vindictive, belittling, and oppressive behavior that will be uncovered over the course of discovery.

**ANSWER: Defendants deny the allegations in Paragraph 13 of Plaintiff's Complaint.**

14. On or around June 29th, 2014, Ms. Christopher was involved in a minor accident while moving a vehicle at work, when a transport driver, who was not wearing his required safety equipment, darted unexpectedly in front of her vehicle (despite Ms. Christopher having repeatedly honking her horn to warn of her approach).

**ANSWER: Defendants admit that Plaintiff was involved in an accident on June 29, 2014 when the vehicle she was driving struck another individual due to her inattention. Defendants deny that the accident was a "minor accident" and that the victim "darted unexpectedly in front of" Plaintiff's vehicle, and deny all remaining allegations in Paragraph 14 of Plaintiff's Complaint.**

15. Following this accident, Mr. Stowers fired Ms. Christopher.

**ANSWER: Defendants admit that Defendant JCT made the decision to terminate Plaintiff's employment after Plaintiff's June 29, 2014 accident and admit that Defendant Stowers communicated Defendant JCT's decision to terminate Plaintiff's employment. Defendants deny all remaining allegations in Paragraph 15 of Plaintiff's Complaint.**

16. Defendants treated Ms. Christopher's accident in a different manner than it had handled male's and non-African-Americans' similar accidents.

**ANSWER: Defendants deny the allegations in Paragraph 16 of Plaintiff's Complaint.**

17. The following day, Mr. Stowers hired a white male to replace her.

**ANSWER: Defendants deny the allegations in Paragraph 17 of Plaintiff's Complaint.**

18. Ms. Christopher filed a complaint with the EEOC and received her right-to-sue letter on May 18, 2015.

**ANSWER: Defendants admit that Plaintiff filed a charge of discrimination with the EEOC against only Defendant JCT. Defendants are without knowledge or information as to when Plaintiff received her right-to-sue letter and therefore, deny the remaining allegations contained in Paragraph 18.**

19. This complaint was filed within 90 days of the issuance of the EEOC right-to-sue letter and within 300 days of actions giving rise to this complaint.

**ANSWER: Defendants admit that the filing date of this lawsuit is within 90 days of the date found on the Notice of Right to Sue and within 300 days of Plaintiff's termination. Defendants deny that a cause of action exists to give rise to this Complaint and deny all remaining allegations in Paragraph 19 of Plaintiff's Complaint.**

### COUNT I:
### Wrongful Discharge Against all Defendants

20. All other averments are incorporated by reference as though fully set forth herein.

**ANSWER: Defendants adopt and incorporate their answers and responses to the above as though set forth here in full.**

21. Ms. Christopher is a member of a protected class, as established in 42 U.S.C. § 2000e, *et seq*., as she is both African-American and female.

**ANSWER: Defendants admit that Plaintiff is African-American and female. Defendants state that the remaining allegations contained in paragraph 21 of Plaintiff's Complaint states a legal conclusion or otherwise contains no facts or allegations to which a response is required. To the extent a response is required, Defendants deny the remaining allegations of paragraph 21 of Plaintiff's Complaint.**

22. Mr. Stowers discharged Ms. Christopher based upon her gender and race, as follows:

   a. Mr. Stowers stated he "didn't like certain kinds of people working [there]" in reference to non-white, non-male employees, which included Ms. Christopher,

   b. Mr. Stowers treated non-white, non-male employees, differently from white male employees, including the manner in which he spoke to them and the type of work assignments he gave them,

   c. Defendants treated accidents, attendance, and conduct of non-white, non-male employees differently from how they treated the accidents, attendance, and conduct of white male employees,

   d. After Mr. Stowers terminated Ms. Christopher, Mr. Stowers hired his white male son for Ms. Christopher's position,

   e. JCT showed favoritism in the use of casual employees who were referred by white male employees over those casual workers referred by non-white non-male employees,

   f. Other such information as will be uncovered during the course of discovery.

**ANSWER: Defendants deny the allegations in Paragraph 22 of Plaintiff's Complaint.**

23. Mr. Stowers also discharged Ms. Christopher in retribution for her reporting his violation of Local Union 41's paycheck policy.

**ANSWER: Defendants deny the allegations in Paragraph 23 of Plaintiff's Complaint.**

24. Mr. Stowers' firing of Ms. Christopher was an unlawful act in violation of 42 U.S.C. §§ 2000e, *et seq*.

**ANSWER: Defendants deny the allegations in Paragraph 24 of Plaintiff's Complaint.**

25. Ms. Christopher was damaged by the behavior and actions of the Defendants.

**ANSWER: Defendants deny the allegations in Paragraph 25 of Plaintiff's Complaint.**

WHEREFORE, Ms. Christopher requests judgment be entered in her favor and that the Court award her an amount of damages that would make her whole and would compensate her for the losses proximately caused by Defendants, including lost benefits, lost future benefits, her costs and attorneys fees in bringing this action, and for any other such relief the Court deems just and proper.

**Defendants deny that Plaintiff has stated a cause of action and further deny that Plaintiff is entitled to any relief as requested in the WHEREFORE clause above and each and every subpart therein.**

## COUNT II:
### Racial Discrimination Against all Defendants

26. All other averments are incorporated by reference as though fully set forth herein.

**ANSWER: Defendants adopt and incorporate their answers and responses to the above as though set forth here in full.**

27. Ms. Christopher is a member of a protected class, as identified in 42 U.S.C. § 2000e, *et seq.*, as determined by her race.

**ANSWER: Defendants admit that Plaintiff is an African-American female. Defendants state that the remaining allegations contained in Paragraph 27 of Plaintiff's Complaint states a legal conclusion or otherwise contains no facts or allegations to which a response is required. To the extent a response is required, Defendants deny the remaining allegations of Paragraph 27 of Plaintiff's Complaint.**

28. Ms. Christopher met all of the legitimate expectations of her employer, JCT, and fulfilled those duties for a number of years.

**ANSWER: Defendants deny the allegations in Paragraph 28 of Plaintiff's Complaint.**

29. Ms. Christopher was fired based upon her race, and was adversely affected by being discharged from employment.

**ANSWER: Defendants deny the allegations in Paragraph 29 of Plaintiff's Complaint.**

30. There existed circumstances which provide the inference of discrimination, as follows:

   a. Mr. Stowers stated he "didn't like certain kinds of people working [there]" in reference to non-white employees, including African-Americans,

b. Mr. Stowers treated African-American employees differently from white employees, including the manner in which he spoke to them and the type of work assignments he gave them,

c. JCT treated accidents, attendance, and conduct of African-American employees differently from how it treated the accidents, attendance, and conduct of white employees,

d. After Mr. Stowers terminated Ms. Christopher, Mr. Stowers hired his white male son for Ms. Christopher's position,

e. JCT showed favoritism in the use of casual employees who were referred by white employees over those casual workers referred by African-American employees,

f. Other such information as will be uncovered during the course of discovery.

**ANSWER: Defendants deny the allegations in Paragraph 30 of Plaintiff's Complaint.**

31. Ms. Christopher was damaged by the behavior and actions of the Defendants.

**ANSWER: Defendants deny the allegations in Paragraph 31 of Plaintiff's Complaint.**

WHEREFORE, Ms. Christopher requests judgment be entered in her favor and that the Court award her an amount of damages that would make her whole and would compensate her for the losses proximately caused by Defendants, including lost benefits, lost future benefits, her costs and attorneys fees in bringing this action, and for any other such relief the Court deems just and proper.

**Defendants deny that Plaintiff has stated a cause of action and further deny that Plaintiff is entitled to any relief as requested in the WHEREFORE clause above and each and every subpart therein.**

## COUNT III:
### Gender Discrimination Against all Defendants

32. All other averments are incorporated by reference as though fully set forth herein.

**ANSWER: Defendants adopt and incorporate their answers and responses to the above as though set forth here in full.**

33. Ms. Christopher is a member of a protected class, as identified in 42 U.S.C. § 2000e, *et seq.*, as determined by her gender.

**ANSWER: Defendants admit that Plaintiff is an African-American female. Defendants state that the remaining allegations contained in Paragraph 33 of Plaintiff's Complaint states a legal conclusion or otherwise contains no facts or allegations to which a response is required. To the extent a response is required, Defendants deny the remaining allegations of Paragraph 33 of Plaintiff's Complaint.**

34. Ms. Christopher met all of the legitimate expectations of her employer, JCT, and fulfilled those duties for a number of years.

**ANSWER: Defendants deny the allegations in Paragraph 34 of Plaintiff's Complaint.**

35. Ms. Christopher was fired based upon her gender, and was adversely affected by being discharged from employment.

**ANSWER: Defendants deny the allegations in Paragraph 35 of Plaintiff's Complaint.**

36. There existed circumstances which provide the inference of discrimination, as follows:

a. Mr. Stowers instituted a policy requiring employees to announce over the radio, for all employees to hear, when they would be using the restroom,

b. That policy discriminated against women because female employees required more time in the restroom and more frequent visits to the restroom, to accommodate their menstrual cycles,

c. Ms. Christopher was disproportionately embarrassed and her hygiene needs and practices were unduly made public and violated her privacy,

d. Mr. Stowers limited all her restroom breaks to two minutes,

e. Ms. Christopher and other female employees would use the restroom with the lights off, in fear that she was being filmed by closed circuit cameras,

f. Mr. Stowers treated female employees differently than male employees in regards to verbal communication and work assignments,

g. JCT treated accidents, attendance, and conduct of female employees differently from how it treated the accidents, attendance, and conduct of male employees,

h. Following the termination of Ms. Christopher, Mr. Stowers hired his white male son to take her position,

i. JCT showed favoritism to the casual workers referred by male employees over those potential casual workers referred by female employees,

j. Other such information as will be uncovered during the course of discovery,

**ANSWER: Defendants are without knowledge or information as to whether Plaintiff and other female employees would use the restroom with the lights off or for what**

**reason they would allegedly do so and therefore deny the same. Defendants deny the remaining allegations in Paragraph 36 of Plaintiff's Complaint.**

37. Ms. Christopher was damaged by the behavior and actions of the Defendants.

**ANSWER: Defendants deny the allegations in Paragraph 37 of Plaintiff's Complaint.**

WHEREFORE, Ms. Christopher requests judgment be entered in her favor and that the Court award her an amount of damages that would make her whole and would compensate her for the losses proximately caused by Defendants, including lost benefits, lost future benefits, her costs and attorneys fees in bringing this action, and for any other such relief the Court deems just and proper.

**Defendants deny that Plaintiff has stated a cause of action and further deny that Plaintiff is entitled to any relief as requested in the WHEREFORE clause above and each and every subpart therein.**

## COUNT IV:
### Invasion of Privacy – Public Disclosure of Private Facts Against all Defendants

38. All other averments are incorporated by reference as though fully set forth herein.

**ANSWER: Defendants adopt and incorporate their answers and responses to the above as though set forth here in full.**

39. Mr. Stowers required all employees to announce over the radio when they were going to be using the restroom.

**ANSWER: Defendants deny the allegations in Paragraph 39 of Plaintiff's Complaint.**

40. The radio was not on a closed channel and could be accessed by any member of the general public, and was actively monitored by other workers [*sic*] JCT employees as a condition of their employment.

**ANSWER: Defendants deny the allegations in Paragraph 40 of Plaintiff's Complaint.**

41. Ms. Christopher did not waive her right to keep this information private, and in fact was regularly embarrassed by having to reveal this information to her supervisor and her co-workers.

**ANSWER: Defendants deny the allegations in Paragraph 41 of Plaintiff's Complaint.**

42. Mr. Stowers would place a time limit upon the length of time in which the employees could use the restroom.

**ANSWER: Defendants deny the allegations in Paragraph 42 of Plaintiff's Complaint.**

43. The restroom habits, and the time it takes to use the restroom, are private matters.

**ANSWER: The allegations in Paragraph 43 are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 43 of Plaintiff's Complaint.**

44. The public – including co-workers – has no legitimate concern in the habits and duration of Ms. Christopher's restroom habits.

**ANSWER: The allegations in Paragraph 44 are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 44 of Plaintiff's Complaint.**

45. This disclosure of private facts brought humiliation and shame to Ms. Christopher, and would cause humiliation and shame to any other reasonable person with ordinary sensibilities.

**ANSWER: Defendants deny the allegations in Paragraph 45 of Plaintiff's Complaint.**

46. Ms. Christopher was damaged by the invasion of her privacy and by the public embarrassment she suffered at the hands of the Defendants.

**ANSWER: Defendants deny the allegations in Paragraph 46 of Plaintiff's Complaint.**

WHEREFORE, Ms. Christopher requests judgment be entered in her favor and that the Court award her an amount of damages that would make her whole and would compensate her for the losses proximately caused by Defendants, including lost benefits, lost future benefits, her costs and attorneys fees in bringing this action, and for any other such relief the Court deems just and proper.

**Defendants deny that Plaintiff has stated a cause of action and further deny that Plaintiff is entitled to any relief as requested in the WHEREFORE clause above and each and every subpart therein.**

## Designation of Place of Trial

Ms. Christopher designates the Western Division as the place of trial.

**Defendants are in agreement that, if needed, the Western Division is the appropriate place for a place of trial.**

## Jury Demand

Ms. Christopher requests trial by jury of all issues.

**Defendants deny that Plaintiff is entitled to a jury trial in the United States District Court for the Western District of Missouri, and further deny that Plaintiff is entitled to a jury trial on any equitable issues or other matters that should be decided by the Court. Defendants also deny that Plaintiff is entitled to any jury trial in the event the facts and evidence fail to establish any genuine issue of material fact supporting her claims of wrongful discharge, race, or gender discrimination or retaliation.**

### DEFENDANTS' GENERAL DENIAL

**To the extent not expressly admitted herein, Defendants deny all of the allegations in Plaintiff's Complaint.**

### DEFENSES AND AFFIRMATIVE DEFENSES

**Without assuming any burden of proof that by law is not otherwise Defendants, Defendants asserts the following defenses:**

**1. Some or all Counts of Plaintiff's Complaint against Defendants fail to state a claim or cause of action for which relief may be granted.**

**2. Some or all of Plaintiff's claims against Defendants may be barred by the applicable statute of limitations for any actions that occurred outside the relevant time.**

**3. Some or all Counts of Plaintiff's Complaint against Defendant Stowers are not permitted under the applicable statutes.**

**4. This Court lacks jurisdiction to hear some or all Counts of Plaintiff's Complaint against Defendant Stowers.**

**5. Some or all Counts of Plaintiff's Complaint are barred because Plaintiff failed to exhaust her administrative remedies.**

6. Some or all Counts of Plaintiff's Complaint against Defendants are barred because Defendants' actions were made in good faith and with reasonable grounds to believe their conduct was in full compliance with the relevant laws.

7. Some or all Counts of Plaintiff's Complaint against Defendant JCT are barred because Defendant JCT's actions were based on legitimate, non-discriminatory and non-retaliatory business purposes unrelated to any purported protected conduct or protected status.

8. Some or all Counts of Plaintiff's Complaint against Defendants are barred because the alleged actions of Defendants, which are denied, were not intentional, malicious, willful or reckless.

9. Plaintiff is not entitled to relief for her failure to mitigate her alleged damages.

10. Some or all of the alleged damages suffered by Plaintiff are the result of Plaintiff's own actions and not a result of any actions of Defendants.

11. Plaintiff's claims for punitive damages in some or all Counts of her Complaint against Defendants are barred because the request seeks damages in violation of the due process, equal protection, and cruel and unusual punishment provisions of the United States Constitution as well as the applicable Missouri state equivalents.

12. Some or all Counts of Plaintiff's Complaint against Defendants, which Defendants deny, are too speculative to permit recovery and are not of the nature or extent alleged in the Complaint.

13. Defendant JCT denies that any of its employees or agents, acting within the course and scope of their employment or agency, violated any statute or caused any damage or injury to Plaintiff.

14. Defendant JCT is not liable for punitive damages because it has at all times made a good faith effort to comply with the laws, has complied with all applicable laws to best of its knowledge and belief, and any action by a manager contrary to these efforts is in violation of Defendant JCT's policies and procedures, as set forth in *Kolstad v. American Dental Association*, 119 S. Ct. 2118 (1999).

15. Even if Plaintiff could prove that gender, race or protected activity was an improper factor in any employment decision challenged by Plaintiff in this Complaint, which Defendant JCT denies, Defendant JCT would have made the same decisions due to legitimate, non-discriminatory reasons.

16. Plaintiff was an at-will employee and Defendant JCT did not make any communications which would result in an expectation of continued employment or that Plaintiff could have reasonably relied upon.

17. Plaintiff's claims are barred because Defendant JCT exercised reasonable care to prevent and correct promptly any alleged discriminatory behavior and Plaintiff unreasonably failed to take advantage of preventative or corrective opportunities and procedures.

18. Defendants reserve the right to amend their answer to add defenses which may become known during the course of this action, including the defense of after-acquired evidence.

**WHEREFORE,** Defendants request that the Court dismiss Plaintiff's Complaint, enter judgment in Defendants' favor and against Plaintiff, award Defendants their attorneys' fees and costs, and for any further relief the Court deems just and proper.

Respectfully submitted,

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By: /s/ Adam T. Pankratz

| | |
|---|---|
| David P. Thatcher (admitted *pro hac vice*) | Adam T. Pankratz     MO #61285 |
| One Ninety One Peachtree Tower | 4520 Main Street, Suite 400 |
| 191 Peachtree Street NE, Suite 4800 | Kansas City MO, 64111 |
| Atlanta, GA 30303 | (816) 471-1301 |
| (404) 870-1795 | (816) 471-1303 (Facsimile) |
| (404) 870-1732 (*facsimile*) | adam.pankratz@ogletreedeakins.com |
| david.thatcher@ogletreedeakins.com | |

**ATTORNEYS FOR DEFENDANTS JACK COOPER TRANSPORT COMPANY, INC. AND LUC STOWERS**

## CERTIFICATE OF SERVICE

I hereby certify that on 3rd day of August, 2015, the foregoing was filed electronically with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

Robert F. Flynn     MO #60453
THE FLYNN LAW FIRM, P.C.
1150 Grand Blvd., Ste. 300
Kansas City, MO 64106-2302
(816) 283-3400
(816) 283-3405 (Facsimile)
Robert @TheFlynnLawFirm.com

**ATTORNEYS FOR PLAINTIFF**

/s/ Adam T. Pankratz
**ATTORNEY FOR DEFENDANTS**

21575452.2